# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# AT COVINGTON

| | | |
|---|---|---|
| MICHAEL G. WEST<br>42 Pinhook Place<br>Crittenden, KY  41030 | :<br>:<br>: | Case No. _____<br><br>Judge _____ |
| Plaintiff, | :<br>: | |
| v. | :<br>: | **COMPLAINT WITH JURY DEMAND** |
| CITY OF COVINGTON, KENTUCKY<br>638 Madison Avenue<br>Covington, KY  41011 | :<br>:<br>:<br>: | |
| Defendant. | : | |

Plaintiff Michael West alleges as follows:

## PARTIES

1. Plaintiff Michael West is a resident and citizen of the Commonwealth of Kentucky.

2. Defendant City of Covington is a municipality located in the Commonwealth of Kentucky.

3. Defendant is an employer within the meaning of relevant federal and Kentucky state law.

## JURISDICTION

4. This Court has personal jurisdiction over Defendant because Defendant is located in this district.

5. This court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because it arises under the laws of the United States.  Specifically, Plaintiff's Counts I and II arise under the Americans with Disability Act ("ADA"), 42 U.S. C. §12101 *et seq.*

6. This Court has jurisdiction to hear Plaintiff's remaining Counts arising under statutory law pursuant to 28 U.S.C. §1367 because the claims arise out of facts and circumstances so related to Counts I and II as to form part of the same case or controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 29 U.S.C. §1132(e)(2) because Plaintiff was employed in this division and district and the conduct giving rise to Plaintiff's claims occurred within this division and district.

8. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") under its work-sharing agreement with the Ohio Civil Rights Commission ("OCRC"). He filed that Charge on August 28, 2008, less than 300 days after being terminated on February 26, 2008.

9. The EEOC did not rule that his Charge was untimely.

10. On May 1, 2009, Plaintiff received Notice of Right to Sue from the EEOC.

11. Plaintiff filed this Complaint on July 30, 2009, within 90 days of receiving his EEOC Notice of Right to Sue.

12. Plaintiff has met all the procedural requirements of his ADA claim.

## FACTUAL ALLEGATIONS

13. Plaintiff was born in 1950.

14. Plaintiff was employed as the Impound Lot Manager of Defendant's Covington Impound Lot from November 22, 1999, until February 29, 2008.

15. The Covington Impound Lot consisted of a two-acre lot and a two-story building. Plaintiff's office was on the first floor. A bathroom was on the second floor.

16. On September 20, 2007, Plaintiff fell down the flight of stairs between the first and second floors and suffered injuries as a result of the fall.

17. Plaintiff spent four days in the hospital and suffered nerve damage in his back and down his legs. Dr. John B. Kelly diagnosed Plaintiff with lumbar radiculitis and lumbar strain.

18.  On October 31, 2007, Dr. Kelly submitted a note restricting Plaintiff from lifting more than five pounds, pushing or pulling more than 10 pounds, bending, stooping, crawling, or sitting or walking for more than five minutes at a time. Dr. Kelly further required that Plaintiff go to scheduled physical therapy and doctor's appointments.

19.  Lee Russo, Chief of Police, advised Plaintiff that Defendant could accommodate these restrictions.

20.  On November 15, 2007, Dr. Kelly added driving a motor vehicle, going up and down stairs and working in a safety-sensitive environment to Plaintiff's list of work restrictions.

21.  The Defendant indicated it could not accommodate the additional restrictions.

22.  On February 25, 2008, Dr. Kelly informed Defendant that Plaintiff had reached a state of maximum medical improvement. Dr. Kelly submitted the following restrictions: 1) no lifting more than 5 pounds; 2) no pushing or pulling more than 10 pounds; 3) may perform clerical work at a desk only; 4) negligible walking. Specifically he may not ambulate more than 25 feet at one time or more than 300 feet per day. Must use a cane for assistance; 5) May not go up or down steps; 6) must be allowed to go to scheduled physical therapy and doctor's office visits.

23.  Plaintiff called Virginia Chapman, Chief Russo's secretary, and told her that he would be returning to work. Chapman told Plaintiff not to return to work until Chief Russo spoke to the City Manager.

24.  Chapman told Plaintiff that the City Manager did not want him to return.

25.  On February 26, 2008, Defendant's Human Resources Department sent Plaintiff a letter informing him that Defendant was terminating him effective February 29, 2008.

26.  At the time of his termination, Plaintiff had an actual, perceived or recorded disability.

## COUNT I

### (Disability Discrimination - ADA)

27. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

28. Plaintiff is a qualified individual with a disability, is perceived as disabled, and/or has a record of a disability as defined by the ADA.

29. Plaintiff could perform the essential functions of his position with or without reasonable accommodation.

30. Defendant discriminated against Plaintiff by terminating his employment on account of his disability, perceived disability and/or record of a disability.

31. Defendant's conduct was intentional, willful, wanton and malicious.

32. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages and is entitled to judgment and compensation under the ADA.

## COUNT II

### (Failure to Accommodate - ADA)

33. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

34. Plaintiff lawfully requested a reasonable accommodation for his disability from Defendant.

35. Defendant failed to make reasonable accommodations for Plaintiff's disability.

36. Defendant's conduct was intentional, willful, wanton and malicious.

## COUNT III

### (Disability Discrimination - K.R.S. Chapter 344)

37. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

38. Plaintiff is a qualified individual with a disability, is perceived as disabled, and/or has a record of a disability as defined by the K.R.S. Chapter 344.

39. Plaintiff could perform the essential functions of his position with or without reasonable accommodation.

40. Defendant discriminated against Plaintiff by terminating his employment on account of his disability, perceived disability and/or record of a disability.

41. Defendant's conduct was intentional, willful, wanton and malicious.

42. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages and is entitled to judgment and compensation under K.R.S. Chapter 344.

### COUNT IV

### (Failure to Accommodate - K.R.S. Chapter 344)

43. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

44. Plaintiff lawfully requested a reasonable accommodation for his disability from Defendant.

45. Defendant failed to make reasonable accommodations for Plaintiff's disability.

46. Defendant's conduct was intentional, willful wanton and malicious.

47. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered damages and is entitled to judgment and compensation under K.R.S. Chapter 344.

### COUNT V

### (Age Discrimination - K.R.S. Chapter 344)

48. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

49. Plaintiff was over 40 years of age and was qualified for his position at all times relevant to this Complaint.

50. Defendant discriminated against Plaintiff by terminating his employment on account of his age in violation of K.R.S. Chapter 344.

51. Plaintiff was replaced by a younger employee.

52. Plaintiff's termination enabled Defendant to retain and/or hire substantially younger employees.

53. Defendant's conduct was intentional, willful, wanton and malicious.

54. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered damages and is entitled to judgment.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That Defendants be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be reinstated to his employment;

(c) That Plaintiff be awarded all lost pay and benefits;

(d) That Plaintiff be awarded compensatory damages;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be awarded reasonable attorneys' fees and costs;

(h) That Plaintiff be awarded prejudgment interest; and

(I) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

 /s/ Kelly Mulloy Myers
Kelly Mulloy Myers (86727)
Trial Attorney for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, 6th Floor
Cincinnati, OH  45202
513-721-1975/Fax:  513-651-2570
*kmyers@frekingandbetz.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on issues so triable.

 /s/ Kelly Mulloy Myers